UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TARUNA VARMA,

        Plaintiff,

    v.

ALLSTATE INSURANCE COMPANY, *et al.*,

        Defendants.

22-CV-480-LJV
DECISION & ORDER

---

On May 13, 2022, the plaintiff, Taruna Varma, commenced this action against Allstate Insurance Company ("Allstate") and Wayne LeVan in New York State Supreme Court, Erie County. Docket Item 1-3. Varma's claims stem from her purchase of LeVan's insurance agency on or about October 1, 2020. *Id.* at ¶ 4; *see* Docket Item 1-6 at 8-34 (purchase agreement). As a part of that purchase, Varma also entered an exclusive agency agreement with Allstate. Docket Item 1-3 at ¶ 11; *see* Docket Item 1-6 at 36-47 (exclusive agency agreement). But in March 2022, Allstate began the process of terminating that agreement as of June 30, 2022. Docket Item 1-3 at ¶ 16. The complaint asserted five claims against both defendants: three under state law: breach of contract, unjust enrichment, and fraud/fraudulent inducement; and two under federal law: discrimination because of sex and ethnicity under 42 U.S.C. § 1981 and discrimination because of sex and ethnicity under 42 U.S.C. § 1983. Docket Item 1-3.

In state court, Varma sought—and New York State Supreme Court Justice Mark J. Grisanti granted—an *ex parte* temporary restraining order. Docket Items 1-4, 1-8. That order prevented Allstate from terminating the exclusive agency agreement,

enjoined Allstate from making certain commission payments to LeVan, and required that those payments instead be held in escrow by plaintiff's counsel. Docket Item 1-8. Varma also moved for a preliminary injunction. Docket Item 1-5. But before the state court could hear argument on that motion or rule on it, on June 22, 2022, Allstate, with the consent of LeVan, removed the case to this Court. Docket Item 1.

On July 21, 2022, Varma moved to amend the complaint to remove her federal claims and asked this Court to remand the case to state court. Docket Item 16. The next day, Allstate filed a "counterclaim and crossclaim for interpleader." Docket Item 18. About a week later, Allstate and LeVan responded to the motion to amend and remand. Docket Items 22, 23. Three days after that, Varma replied. Docket Item 25.

For the reasons that follow, Varma's motion to amend the complaint and remand the case to state court is granted.

## PROCEDURAL HISTORY

As noted above, Allstate was preparing to terminate its exclusive agency agreement with Varma effective June 30, 2022. So when Varma began this action in state court in May 2022, she moved for an *ex parte* temporary restraining order preventing Allstate from terminating the exclusive agency agreement and requiring certain commission payments to be held in escrow until she could be heard on her motion for a preliminary injunction. Docket Item 1-4. On May 23, 2022, Justice Grisanti granted the *ex parte* TRO and scheduled a hearing on the motion for a preliminary injunction to take place on June 23, 2022. Docket Item 1-8.

But that hearing never took place because less than 24 hours before the hearing was to begin, Allstate removed the case to this Court on the basis of federal question

jurisdiction.  Docket Item 1.  A week later, Allstate moved to dissolve the TRO, Docket Item 4, for an expedited hearing on the motion to dissolve, Docket Item 5, and to dismiss the complaint in its entirety, Docket Item 6.

On June 30, 2022, this Court held a status conference.  Docket Item 7.  The Court set a briefing schedule on the motions for a preliminary injunction and to dissolve the TRO and scheduled oral argument for July 15, 2022.  *Id.*  At the status conference, Allstate advised that it voluntarily would not terminate the exclusive agency agreement before the July 15 hearing.  *See* Docket Item 12 at 12.  On July 11, 2022, Varma responded in further support of her motion for a preliminary injunction, Docket Item 8, and two days later, Allstate replied, Docket Item 9.  On July 15, 2022, this Court heard oral argument, reserved decision on the motion for a preliminary injunction, and set a briefing schedule on the motion to dismiss.  Docket Item 10.

But before the parties briefed the motion to dismiss, the parties threw some wrenches into the works.  At 12:48 pm on July 21, 2022, Allstate filed a letter advising the Court and the parties that it was Allstate's view that, pursuant to Federal Rule of Civil Procedure 65(b)(2), the *ex parte* TRO had expired and that Allstate would be "moving forward with . . . the termination process" the next day.  Docket Item 14.  At 5:44 pm, Varma responded that she believed the *ex parte* TRO remained in effect and that she would be moving to amend the complaint and seek remand.  Docket Item 15.  A few minutes later, Varma moved to amend the complaint to withdraw her federal claims and asked this Court to remand the case to state court.  Docket Item 16.

That evening, the Court set a status conference for the next day at 9:00 am to address the July 21 filings.  Allstate added one final procedural wrench thirty minutes

before the status conference began. On the morning of July 22, 2022, at 8:30 am, Allstate filed a "counterclaim and crossclaim for interpleader" under Federal Rule of Civil Procedure 22. Docket Item 18.

At the status conference, Allstate indicated that it opposed the motion to remand and argued that the interpleader created diversity jurisdiction. Docket Item 24 at 4-5. The Court therefore set a briefing schedule on the motion to amend and remand and instructed the parties to address the impact of the counterclaim and crossclaim for interpleader in their briefs. Docket Item 20. And "[f]or the purpose of maintaining the status quo while the Court consider[ed]" Varma's motion to amend and remand and Allstate's interpleader, the Court extended the TRO until it could hear oral argument on the motion. *See* Docket Items 20, 27.

On July 28, 2022, LeVan and Allstate responded, Docket Items 22, 23; three days later, Varma replied, Docket Item 25. And on August 18, 2022, the Court heard oral argument on the motion to amend and remand. Docket Item 30.

At oral argument, the Court questioned Allstate about whether its freestanding counterclaim and crossclaim for interpleader was procedurally proper or whether its counterclaim and crossclaim should have been asserted in a pleading, such as an answer. *Id.* The Court gave the parties an opportunity to submit additional briefs on the procedural propriety of Allstate's counterclaim and crossclaim for interpleader and further extended the TRO while the parties briefed the issue. *Id.*

On August 26, 2022, Allstate filed its supplemental brief. Docket Item 31. Allstate conceded that "a counterclaim (or a crossclaim) is not a stand-alone pleading and must be asserted in an answer to a complaint or another pleading permitted under

4

Fed. R. Civ. P. 7(a)," *id.* at 1; it corrected that procedural deficiency by filing an answer containing its interpleader crossclaim and counterclaim simultaneously with its brief, Docket Item 32.  In its supplemental brief, Allstate continued to argue that the interpleader was otherwise proper.  Docket Item 31.  On August 31, 2022, LeVan and Varma responded, Docket Items 34, 35; shortly after that, Allstate replied, Docket Item 36.

In the meantime, the motion to dismiss also became fully briefed.  On August 5, 2022, Varma responded to the motion to dismiss.  Docket Item 26.  Consistent with her motion to amend the complaint and withdraw her federal claims, Varma did not oppose dismissal of her federal claims.  *Id.*  A week later, Allstate replied.  Docket Item 29.

## LEGAL PRINCIPLES

### I. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend] when justice so requires."  The decision "to grant or deny leave to amend" is committed to "the sound discretion of the district court."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Id.*  But "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion."  *Id.* at 200-01 (citations omitted).

### II. POST-REMOVAL AMENDMENT/SUPPLEMENTAL JURISDICTION

Federal "district courts . . . have original jurisdiction of all civil actions arising under" federal law.  28 U.S.C. § 1331.  An action brought in state court may be removed

to federal court on the basis of such federal question jurisdiction.  28 U.S.C. § 1441.  Upon removal, a federal court acquires "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

"In the removal context, the presence or absence of subject matter jurisdiction is determined based on the complaint in effect at the time of removal[,] and a post-removal amendment of the complaint that deletes all federal claims, leaving only pendent state claims, does not divest the district court of its properly triggered subject matter jurisdiction."  *Nanavati v. New Sch. for Soc. Rsch.*, 2020 WL 1876359, at *2 (S.D.N.Y. Apr. 15, 2020) (citations and internal quotation marks omitted); *see In Touch Concepts, Inc. v. Cellco P'ship*, 788 F.3d 98, 100-01 (2d Cir. 2015).  "When plaintiffs drop their federal claims, federal courts have the discretion to determine whether to remand the state claims or to retain the supplemental jurisdiction that was acquired at the time of removal under 28 U.S.C. § 1367."  *Nanavati*, 2020 WL 1876359, at *2 (alterations and citation omitted).

## III.     RULE 22 DEFENSIVE INTERPLEADER

Interpleaders are "triggered by 'a real and reasonable fear of double liability or . . . conflicting claims,'" *Dist. Att'y of N.Y. Cnty. v. Republic of the Philippines*, 307 F. Supp. 3d 171, 189 (S.D.N.Y. 2018) (quoting *Washington Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993)), and "a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund," *Washington Elec. Co-op.*, 985 F.2d at 679 (citations omitted).  "There are

6

two forms of interpleader: rule interpleader, under Federal Rule of Civil Procedure 22[,] and statutory interpleader, under 28 U.S.C. § 1335." *Dist. Att'y of N.Y. Cnty.*, 307 F. Supp. 3d at 189.  "Both rule and statutory interpleader are viewed as a 'remedial joinder device' originally designed to protect a stakeholder in an action—who is unsure as to which party has the right to relief or liability over a common fund—by joining absent parties or claimants, in the form of a counter or cross claim, into one single action." *6247 Atlas Corp. v. Marine Ins. Co., No. 2A/C*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994) (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1702 (2d ed. 1986)).

"An interpleader action is normally conducted in two stages."  *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140, 143 (2d Cir. 1988).  First, courts determine whether the action is appropriate and "whether the stakeholder is entitled to bring an interpleader action."  *Id.*  Next, the court determines "the rights of the competing claimants to the fund."  *Id.*

Under Federal Rule of Civil Procedure 22(a)(2), a defendant exposed to "double or multiple liability" may bring what is known as a defensive interpleader, by "seek[ing] interpleader through a crossclaim or counterclaim."  To assert a defensive interpleader, a defendant must satisfy three requirements "(1) the defendant 'stakeholder' must legitimately fear multiple litigation directed against the fund; (2) two or more of the claimants must be adverse to each other; and (3) the defendant must frame a defensive interpleader by way of a cross-claim or counterclaim."  *6247 Atlas Corp.*, 155 F.R.D. at 462.  "The party seeking interpleader relief bears the burden of establishing that these

7

requirements are satisfied." *Great Wall De Venezuela C.A. v. Interaudi Bank*, 117 F. Supp. 3d 474, 482 (S.D.N.Y. 2015).

Rule 22 "'is merely a procedural device; it confers no jurisdiction on the federal courts[,] [and] [t]hus, an interpleader action brought under Rule 22 must fall within one of the general statutory grants of federal jurisdiction,' either federal question or diversity jurisdiction." *Hartford Life Ins. Co. v. Simonee*, 2015 WL 8490998, at *2 (E.D.N.Y. Dec. 10, 2015) (citations omitted).  Diversity "[j]urisdiction exists under Rule 22 when the citizenship of the stakeholder is diverse from that of all of the claimants, even if all the claimants share the same citizenship." *6247 Atlas Corp.*, 155 F.R.D. at 465 (citation omitted).  Stated differently, although "[t]here must . . . be 'complete diversity of citizenship' between the stakeholder and claimants, . . . there need not be diversity between the claimants themselves." *Hartford Life Ins.*, 2015 WL 8490998, at *2 (citations omitted).

## DISCUSSION

**I.     MOTION TO AMEND/REMAND**

On July 21, 2022, Varma moved to amend the complaint to withdraw her federal claims.[1]  Docket Item 16.  Because leave to amend should be "freely give[n]," *see* Fed. R. Civ. P. 15(a), Varma's motion to amend is granted.

After amendment, Varma's pleading presents only issues of state law.  As explained above, although "a post-removal amendment . . . . delet[ing] all federal claims

---

[1] Although Allstate and LeVan oppose Varma's motion to remand, they do not appear to oppose Varma's request to amend the complaint.  *See* Docket Items 22, 23.

. . . does not divest" the Court of its supplemental jurisdiction over Varma's state-law claims, the Court also may, in its discretion, decline to exercise its supplemental jurisdiction and remand the state claims to state court. *See Nanavati*, 2020 WL 1876359, at *2.

"In making that determination, district courts balance the values of judicial economy, convenience, fairness, and comity, and also consider whether the party seeking remand engaged in forum manipulation." *Callahan v. Wyckoff Heights Med. Ctr.*, 2021 WL 7209232, at *3 (E.D.N.Y. Sept. 14, 2021) (first citing *Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006); and then citing *Spehar v. Fuchs*, 2003 WL 23353308, at *7-8 (S.D.N.Y. June 18, 2003)). And "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (alterations omitted) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Allstate argues that this Court should not remand the case to state court because Varma's motion to amend and remand evinces forum shopping and manipulation. Docket Item 23 at 12-14. More specifically, Allstate asserts that "[t]he fact that [the p]laintiff's proposed [a]mended [c]omplaint only removes the federal claims with no other proposed amendments and still utilizes the New York State Court case caption plainly evidence[] [that] [the p]laintiff is forum shopping." *Id.* at 13 (citation omitted).

But another scenario is possible: Varma recognized that Allstate's motion to dismiss her federal claims had merit, realized that this Court eventually would be in the same position it is in now—deciding whether to remand the state-law claims—and

9

therefore decided to delete those claims to reach that question more quickly.  Thus, Varma's motion may not be "forum manipulation, but . . . a legitimate attempt to try her state[-]law claims in the forum of her choice."  *See Levinson v. Wilmer Cutler Pickering Hale & Dorr LLP*, 999 F. Supp. 2d 226, 228 (D.D.C. 2013) (quoting *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 340 (5th Cir. 1999)).

Moreover, to the extent that the forum-manipulation game is being played in this case, Allstate is playing it at least as much as Varma.  In particular, on July 21, 2022, Allstate notified the Court and Varma that it would be terminating Varma's exclusive agency agreement the next day.  Later that day, Varma moved to amend and remand, and the Court scheduled a status conference for the next morning at 9:00 am to address the parties' filings.  But at 8:30 am, just thirty minutes before the status conference, Allstate filed its "counterclaim and crossclaim for interpleader" as a stand-alone document and not as part of a pleading.  Docket Item 18.  And at the status conference, Allstate argued that its defensive interpleader created diversity jurisdiction and this Court therefore could not remand.[2]  Docket Item 24 at 4-5.  That series of events seemed clearly designed to keep the case exactly where Allstate wanted it—before this Court.

Allstate also argues that judicial economy and fairness weigh in favor of this Court's exercising its supplemental jurisdiction over the state-law claims.  Docket Item 23 at 15.  This Court disagrees.

---

[2] For reasons discussed later in this decision, *see infra* at 12-16, the requirements for defensive interpleader are not met in this case and that device therefore is not available to Allstate.

Although the parties have made several filings related to the various motions in this case and the Court has held two status conferences and two oral arguments related to those motions, the Court (at least before today) had yet to rule on those motions.[3] In fact, the only substantive ruling in this case—the *ex parte* TRO—was made not by this Court but by the state court. Docket Item 1-8. Moreover, while this Court has expended some resources on this case, much of that time was spent not on Varma's state-law claims but on setting briefing schedules and understanding the parties' filings—in particular, Varma's motion to amend and remand and Allstate's interpleader. Allstate therefore has failed to show that the Court has such familiarity with this case that it would be fairer or more efficient for this Court to retain jurisdiction over it.

Finally, comity also favors remand. The *ex parte* TRO was entered by the state court, and Varma initially moved for a preliminary injunction in state court. Docket Items 1-5, 1-8. As explained above, Varma's claims now turn exclusively on New York State

---

[3] Allstate also encourages this Court to retain jurisdiction over this case so that it can rule on the pending motions. Docket Item 23 at 14. And it cites several cases in which courts have retained jurisdiction to decide pending motions to dismiss state-law claims even after all federal claims were dismissed. *Id.* But several other federal courts have done the opposite—even in the context of a removal case. *See, e.g., Tracey Tooker & TT Ltd., Inc. v. Whitworth*, 212 F. Supp. 3d 429, 435 (S.D.N.Y. 2016) (dismissing plaintiff's federal claims, declining to exercise supplemental jurisdiction over state-law claims, and remanding state-law claims without addressing pending motion for a preliminary injunction); *Bouras v. Town of Danvers*, 11 F. Supp. 2d 159, 163-64 (D. Mass. 1998) (dismissing federal claim, denying motion to vacate the preliminary injunction because "[w]hether the injunction should continue to stand is a matter best left to the [state court]," and remanding state-law claims to state court); *Fox v. Carter*, 2012 WL 589563, at *1 (D.N.J. Feb. 22, 2012) (dismissing federal claim, remanding case to state court, and deferring consideration of the motion for a preliminary injunction to state court). So while the Court may decide the pending motions, it is not compelled to; rather, it is a decision committed to this Court's discretion.

law.  *See* Docket Item 16-2.  So comity favors allowing the New York State courts to resolve the issues of New York State law.

For all those reasons, and having explicitly considered concerns of judicial economy, convenience, fairness, comity, and forum shopping, the Court declines to exercise its supplemental jurisdiction over Varma's state-law claims.[4]

## II.   ALLSTATE'S DEFENSIVE INTERPLEADER

Allstate argues that this Court nevertheless may not remand this case because the Court has diversity jurisdiction. Docket Item 23 at 16.  Allstate does not argue that the complaint provides diversity jurisdiction; indeed, it cannot because according to the complaint, both the plaintiff and defendant LeVan are residents of New York, Docket Item 1-3 at ¶¶ 1, 3.  Rather, Allstate argues that its defensive interpleader provides the Court with diversity jurisdiction.  Docket Item 23 at 16.  But even if a defensive interpleader can do that jurisdictional work, it first must be available to a defendant.  And for the reasons that follow, defensive interpleader is not available to Allstate here.

As explained above, defensive interpleader permits a defendant exposed to "double or multiple liability" to "seek interpleader through a crossclaim or counterclaim." Fed. R. Civ. P. 22(a)(2).  To assert defensive interpleader, "(1) the defendant

---

[4] Allstate also argues that Varma waived her right to move for remand by explicitly asking the Court to enter a preliminary injunction rather than arguing for remand.  *See* Docket Item 23 at 15-16 (citing Docket Item 8-1 at 5).  But even if Allstate is correct that Varma waived her right to move for remand under 28 U.S.C. § 1447(c), that does not prevent this Court from remanding the case.  A district court independently has the discretion to remand to state court a removed case when the claims over which the federal court had original jurisdiction are eliminated and only state-law claims remain.  *See Carnegie-Mellon Univ.*, 484 U.S. at 357; *see also* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3739 (Rev. 4th ed.).

12

'stakeholder' must legitimately fear multiple litigation directed against the fund; (2) two or more of the claimants must be adverse to each other; and (3) the defendant must frame a defensive interpleader by way of a cross-claim or counterclaim." *6247 Atlas Corp.*, 155 F.R.D. at 462.

"[F]ear of multiple liability need not be supported by an existing legal action." *Great Wall De Venezuela C.A*, 117 F. Supp. 3d at 483.  Rather, "[i]t is sufficient that the stakeholder 'faces even the prospect of adverse claims being asserted against property in its possession.'" *Id.* (citations omitted).  Interpleader, however, "is not appropriate when the party seeking interpleader offers 'only the barest speculation' that such claims will be interposed." *Id.*

What is more, "[t]he availability of interpleader does not depend on the merits of the potential claims against the stakeholder." *William Penn Life Ins. Co. of N.Y. v. Viscuso,* 569 F. Supp. 2d 355, 359 (S.D.N.Y. 2008).  Instead, a stakeholder "need only have a good faith concern about duplicitous litigation and multiple liability." *Great Wall De Venezuela C.A.*, 117 F. Supp. 3d at 483.  But a stakeholder's fear still must be "real and reasonable," and "plainly frivolous claim[s] . . . will not support interpleader relief." *Id.* (citations omitted).

In its defensive interpleader, Allstate alleges that the exclusive agency agreement between Allstate and Varma entitles Varma to (1) commission payments while the agency agreement is in effect and (2) a termination payment if Allstate terminates the agency agreement.  *See* Docket Item 32 at 18.  Allstate further alleges that around the time of the sale of LeVan's agency to Varma, Varma entered into two agreements regarding the commission and termination payments to secure financing

13

and a loan from LeVan to purchase his agency.  *See id.* at 19.  The first agreement, the "Commission Payment Agreement," is among Varma, LeVan, and Allstate; in that agreement, Varma assigned a portion of her commissions to LeVan while her exclusive agency agreement with Allstate remained in effect.  *Id.*  The second agreement, the "Security Agreement in Economic Interest," is between Varma and LeVan; in that agreement, Varma assigned to LeVan, and "grant[ed] LeVan a security interest in," Varma's rights to any termination payments that became due if Allstate terminated the exclusive agency agreement.  *Id.*  Allstate consented to the assignment of the security interest.  *Id.*

     Allstate asserts that it faces a risk of multiple liability on those two "funds"—(1) the commission payments and (2) the termination payments—because of adverse claims from Varma and LeVan.  *Id.* at 22-24.  Varma responds that Allstate does not face a real risk of "double or multiple liability" because "all the necessary parties . . . are properly before this Court" and any risk is "avoided by adjudication in [a] single litigation binding on [the] parties."  Docket Item 25-1 at 15-16 (citations omitted).  LeVan likewise objects to the interpleader because Varma's "claim for money damages can be resolved by the Court without exposing Allstate to the risk of double liability, as the parties to the [i]nterpleader action are the same parties named in the main action."  Docket Item 34 at 1.  This Court agrees with Varma and LeVan.

     As noted above, rule interpleader "[i]s viewed as a 'remedial joinder device'" and was "originally designed to protect a stakeholder in an action . . . by joining absent parties or claimants . . . into one single action."  *6247 Atlas Corp.*, 155 F.R.D. at 461 (citation omitted).  That is not the case here.  All the relevant parties—Varma, LeVan,

14

and Allstate—already are before the Court.  Moreover, the two purported claimants—Varma and LeVan—are able to assert any and all claims so that there will be a single adjudication binding on all parties.  And so where, as here, the plaintiff and a defendant "are the only two claimants to the fund, and their rights to the fund will be finally adjudicated in [the pending] action[,] there is no necessity for an interpleader."  *United States v. Augspurger*, 452 F. Supp. 659, 669 (W.D.N.Y. 1978), *amended*, 477 F. Supp. 94 (W.D.N.Y. 1979); *see also Fulton v. Kaiser Steel Corp.*, 397 F.2d 580, 583 (5th Cir. 1968) (affirming dismissal of interpleader where stakeholders could "protect themselves . . . from multiple liability on the same obligation" because "a suit was pending . . . in which all parties could obtain full and complete relief").

Although Allstate alleges that the Commission Payment Agreement permits it to "file an action of interpleader requiring the parties to answer and litigate any claims and rights among themselves," *see* Docket Item 32 at 22, the parties are already doing that; Varma has sued not only Allstate, but LeVan as well.  So no third parties need to be brought into this case and forced to plead their claims.  Because Allstate has not met the first requirement for defensive interpleader, "legitimate[] fear [of] multiple litigation directed against the fund,"[5] defensive interpleader is not available to Allstate.  *See 6247*

---

[5] Moreover, although Allstate styles its interpleader as a dispute over ownership of a "fund," Varma's remaining claims against Allstate and LeVan are for *money damages* due to breach of contract, unjust enrichment, and fraud/fraudulent inducement.  Docket Item 1-5 at 21-23 (complaint); Docket Item 16-2 at 4-6 (amended complaint).  So to the extent that Allstate may be liable to Varma, it will not be because as the stakeholder, it paid out a "fund" to a wrong person.  Rather, it will be because its own behavior rendered it personally liable to Varma, further underscoring that there is no need for interpleader in this case.  Similarly, to the extent that LeVan may be liable and required to pay damages to Varma, it will because of his own conduct in the sale of the agency.  And while those damages may be computed with reference to the commission or termination payments or even paid out of the money received as

*Atlas Corp.*, 155 F.R.D. at 462. And because Allstate's defensive interpleader is not properly before the Court, it does not give this Court diversity jurisdiction.

## CONCLUSION

For the reasons stated above, Varma's motion to amend and remand, Docket Item 16, is GRANTED. Varma's state-law claims are REMANDED to New York State Supreme Court, Erie County. The Court defers to the state court Varma's motion for a preliminary injunction, Allstate's motion to dissolve the *ex parte* temporary restraining order, and Allstate's motion to dismiss. To maintain the status quo, the TRO is extended until the state court acquires jurisdiction. The Clerk of the Court shall close the file.

SO ORDERED.

Dated:   September 9, 2022
          Buffalo, New York

                                    /s/ *Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE

---

commission or termination payments, that does not automatically render those funds subject to an ownership dispute. Of course, that is not say Varma's state-law claims are viable. That is a question for another day and best addressed by the state court.